## IN RE ESTATE OF CUSHMAN A. RICE.[1]

March 29, 1934.

No. 29,827.

*Harry H. Peterson,* Attorney General, and *Harry W. Oehler,* Deputy Attorney General, for relator.

*Henry T. Ronning* and *R. W. Stanford,* for respondent.

*HOLT, Justice.*

*Certiorari* to review the action of the probate court of Kandiyohi county fixing the succession tax of a legatee in the will of Cushman A. Rice, deceased. The writ issued on the petition of the attorney general. The only tax questioned is the one upon the legacy of Katherine Campbell, who was bequeathed "the interest on Twenty-five thousand dollars ($25,000.00) to be invested in State or National Government bonds, interest to be paid to said Katherine, minor daughter of Emily B. Campbell, yearly up to her death." The probate court found the full and true value of said legacy to be $11,541.75, and fixed the tax at $577.09. The life expectancy of Miss Campbell was 37.43 years.

The probate court concluded that the interest on $25,000 invested in state and national government bonds would yield $750 yearly. There is nothing in the record to show a larger yield. The state

[1]Reported in 253 N. W. 768.

adduced no evidence that state or national government bonds yielded more than three per cent per annum; but it contends that for the purpose of determining the tax interest must be figured at five per cent on the $25,000 so invested, regardless of the amount that the bonds named produce. The contention is based upon this provision of 1 Mason Minn. St. 1927, § 2294:

"The value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and value employed by the commissioner of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that the rate of interest for making such computations shall be five per centum per annum."

This statute prescribes the rule or method to follow and apply in determining the value of future estates for the purpose of fixing the amount of the inheritance tax. It specifically directs the life expectancy to be computed on a five per centum basis. Ever since the enactment of this statute, standard mortality tables computed on a five per centum basis, under the method employed by the insurance commissioner, have been furnished the judges of probate by the attorney general of the state. According to such tables and computation, one dollar for the life expectancy of 37.43 years is worth or valued at 15.3910. Both respondent and the state concede the last figure to be the correct factor to use in determining every future limited or life estate of the life expectancy mentioned. It is only for the purpose of arriving at this factor that the statute directs the use of a five per centum rate. The statute has nothing to say as to the mode of determining the number of dollars the legatee receives a year. That was for the probate judge to ascertain in this instance. Twenty-five thousand dollars of state or national government bonds were found to yield a yearly income of $750. And multiplying this sum by the factor of the legatee's life expectancy, according to the table furnished and approved by the attorney general, viz. 15.3910, the present value of the legacy is

$11,541.75, upon which the court computed the tax. The state adduced no evidence to show that $25,000 of the bonds specified in the will would yield more than $750 a year. It is common knowledge that they would not yield $1,250, or five per cent. It might be remarked that the statute is somewhat arbitrary in requiring the value of all life expectancies to be computed on a five per centum basis when we know that in reality the yearly income from such legacies may be three per centum or less. But we must yield to this command of the statute for the sake of convenience so as to get a factor that may readily be used in all cases. However, neither this statute nor any other requires the court to find that the annual income of a particular legacy is $1,250 when in fact it is only $750.

The probate court correctly computed the tax.

The writ is discharged.